IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SUMMER ALLEN,<br><br>Plaintiff,<br><br>vs.<br><br>FLAME INVESTMENTS, INC. and CHRISTINE SARKAR,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>* | CASE NO. 4:26-cv-687 (CDL) |

O R D E R

On April 24, 2026, Plaintiff Allen filed a putative class action under the Fair Labor Standards Act against Defendants Flame Investments Inc. and Christine Sarkar. Sarkar failed to answer or otherwise respond to the complaint, and the Clerk entered a default against Sarkar on July 1, 2026. Sarkar moved to set aside the default on July 22, 2026 (ECF No. 8). Plaintiff filed no opposition to the motion.

Under Federal Rule of Civil Procedure 55(c), the Court finds good cause to set aside the entry of default. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (identifying culpability or willfulness, prejudice to the non-moving party, and the existence of a meritorious defense as factors to be considered). Sarkar's failure to respond was not willful or reckless. Rather, she mistakenly believed that service of the

summons and complaint on her spouse was ineffective on her and was preoccupied with caring for her ill father. Sarkar also asserts a potentially meritorious defense to Plaintiff's FLSA claims based on her contention that she was not Plaintiff's employer. Finally, setting aside the default will not prejudice Plaintiff. Plaintiff did not successfully serve Defendant Flame Investments until July 21, 2026, and that Defendant did not answer until August 11, 2026. Thus, setting aside the default will not result in any meaningful delay.

For the foregoing reasons, the Court grants Sarkar's motion to set aside the entry of default (ECF No. 8) and denies Plaintiff's motion for default judgment (ECF No. 9).

IT IS SO ORDERED, this 14th day of August, 2026.

S/Clay D. Land

CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA